*NOT FOR PUBLICATION*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
GUILLAUME KOMME                       :
                                      :
      Plaintiff,                     :
                                      :
                                      :   Case No. 11-cv-03583 (FLW)
   v.                                 :
                                      :
                                      :   OPINION
WALGREENS                             :
                                      :
      Defendant.                     :
                                      :
                                      :
_____ :

**WOLFSON, United States District Judge:**

    Presently before the Court is Defendant Walgreen Eastern Co., Inc.'s ("Defendant") motion to dismiss pro se Plaintiff Guillaume Komme's ("Plaintiff") Complaint asserting claims under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq*. Defendant bases its request for dismissal on the fact that Plaintiff has failed to initiate this action within 90 days of receipt of the Equal Employment Opportunity Commission's Right-to-Sue Letter. For the reasons set forth below, Defendant's Motion to Dismiss is **GRANTED**.

**I.    FACTS**

    The Court will only recount facts pertinent to this motion. Plaintiff Guillaume Komme was hired by Defendant Walgreen Eastern Co., Inc. in March 2004 as a staff pharmacist. Plaintiff contends that he was subject to disciplinary action by Defendant because of his race and

1

national origin in violation of Title VII.  Compl. at ¶ 9.  Ultimately, Plaintiff was discharged on September 10, 2010.

On December 31, 2009, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Newark Area Office, alleging that he had been subject to disciplinary action because of his national origin, race, and age.  Mot. to Dismiss, Exh. A.  The EEOC mailed a Dismissal and Notice of Rights to Plaintiff on March 3, 2011 ("Right-to-Sue Letter").  Mot. to Dismiss, Exh. C.  The Right-to-Sue Letter advised Plaintiff that the EEOC was "unable to conclude that the information establishe[d] a violation of federal law" and explicitly stated that Plaintiff could pursue the matter only by filing suit against Walgreens within 90 days of receipt of the letter.  Id.  Thereafter, on June 10, 2011, Plaintiff filed the instant Complaint.

Defendant moves to dismiss Plaintiff's Title VII claims contending that Plaintiff failed to file his Complaint within the 90-day time frame, prescribed by 42 U.S.C. § 2000e-5(f)(1), after receiving his Right-to-Sue Letter.  Defendant argues that, as a result, Plaintiff's alleged discrimination claims under Title VII should be time barred.

## II.   STANDARD OF REVIEW

When reviewing a motion to dismiss on the pleadings, courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citation and quotations omitted).  The factual allegations set forth in a complaint "must be enough to raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544.  As the Third Circuit has stated, "[t]he Supreme Court's Twombly formulation of the pleading

2

standard can be summed up thus: 'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element.  This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234 (quoting Twombly, 550 U.S. at 545).

When a plaintiff is proceeding pro se, courts are obligated to construe the complaint liberally.  Giles v. Kearney, 571 F.3d 318, 322 (3d Cir. 2009) (citing Haines v. Kerner, 404 U.S. 519, 520–21(1972)).  Nevertheless, a pro se party cannot rely on bald assertions or legal conclusions to survive a motion to dismiss.  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997) (citation and quotations omitted).

**III.    DISCUSSION**

As an initial matter, the Court addresses the issue of whether Plaintiff filed his Complaint within the permitted time period; if not, whether Plaintiff has presented any equitable circumstances to toll the statute of limitations.

**A.    Statute of Limitations**

"Section 2000e–5(f)(1) requires that claims brought under Title VII be filed within ninety days of the claimant's receipt of the EEOC right to sue letter." Elkadrawy v. Vanguard Group, Inc., 584 F.3d 169, 173 (3d Cir.2009) (citing 42 U.S.C. § 2000e–5(f)(1)).  It is clear that the Third Circuit has strictly construed the 90-day period and held that, in the absence of some equitable basis for tolling, a civil suit filed even one day late is time-barred and may be dismissed.  See Figueroa v. Buccaneer Hotel Inc., 188 F.3d 172, 176 (3d Cir.1999); Mosel v. Hills Dept. Store, Inc., 789 F.2d 251, 253 (3d Cir.1986).

In the instant matter, the record indicates the Right-to-Sue Letter is dated March 3, 2011. Mot. to Dismiss, Exh. C. In fact, Plaintiff states in his Complaint that he received the letter on that date. Compl. at ¶ 8. However, contrary to his own admission, Plaintiff contends on this motion that the March 3, 2011 date was entered in error. Opp'n to Dismiss at 2. Plaintiff, instead, submits -- without any certifications or affidavit -- that he spoke with an EEOC investigator on March 8, 2011, who instructed Plaintiff to return the original Right-to-Sue Letter to the EEOC due to an unspecified error. Opp'n to Dismiss at 2. According to Plaintiff, the investigator informed him that a new Right-to-Sue Letter would be placed in the mail on March 8, 2011, and the investigator specifically instructed Plaintiff that his Complaint must be filed within 90 days from receipt of the new letter. Id. Despite that instruction, curiously, Plaintiff explains that the unnamed EEOC investigator never mailed a new letter and instead returned the original Right-to-Sue Letter dated March 3, 2011. Without indicating when he received the second Right-to-Sue letter, Plaintiff argues that his Complaint was filed within the 90-day time period. There is no evidentiary support for Plaintiff's explanation. For one, Plaintiff has not produced any evidence to substantiate the existence of a second Right-to-Sue letter; indeed, if the EEOC had re-sent an identical letter to Plaintiff on March 8, 2011, Plaintiff could have submitted the envelope in which that letter was enclosed as evidence. Moreover, Plaintiff does not submit a certification or an affidavit attesting to his own version of events, including the allegation that a second Right-to-Sue letter was sent to him. Therefore, the Court cannot accept Plaintiff's bald assertions.

Regardless, even assuming that the EEOC mailed a second letter on March 8, 2011, as Plaintiff suggests, the Complaint is still filed untimely. While Plaintiff claims that the EEOC mailed a second Right-to-Sue Letter on March 8, 20111, Plaintiff does not specify when he

4

received the second letter. In absence of sufficient evidence to identify the date on which Plaintiff received the letter, the Court will apply a presumption that a party receives a document three days after it was mailed. See Fed. R. Civ. P. 6(e); see also Seitzinger v. Reading Hosp. and Med. Ctr., 165 F.3d 236, 239 (3d Cir. 1999). As such, the Court will presume that Plaintiff received the second letter on March 11, 2011. With that date of receipt, Plaintiff's Title VII Complaint was untimely filed on June 10, 2011, because 91 days had elapsed. As the Third Circuit has cautioned, this Court is without power to extend the ninety-day limitations period "by even one day" absent any equitable circumstances. Mosel, 789 F.2d at 253. The Court will turn to that determination.

**B.     Equitable Tolling**

Pursuant to the equitable tolling doctrine, Plaintiff may sue after the 90-day statutory time period expired if he was prevented from filing in a timely manner "due to sufficiently inequitable circumstances." Seitzinger, 165 F.3d at 240. In the instant case, Plaintiff has alleged no inequitable circumstances, nor can the Court find any.

Indeed, equitable tolling may be appropriate when a plaintiff received inadequate notice of his right to file suit, or where the court has misled the plaintiff into believing that he has done all that is required of him. See Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 151 (1984). In that connection, the Third Circuit has identified situations in which equitable tolling may apply: "(1) the defendant has actively misled the plaintiff, (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998) (internal quotations omitted). However, the Third Circuit "has cautioned that 'procedural requirements established by Congress for gaining access to the federal courts are not

5

to be disregarded by courts out of a vague sympathy for particular litigants.'" Seitzinger, 165 F.3d at 240 (quoting Baldwin County Welcome Ctr., 466 U.S. at 152).

Here, Plaintiff does not claim that Defendant actively misled him, nor does Plaintiff allege that he filed this action in the wrong forum. Plaintiff also does not allege that he "in some extraordinary way has been prevented from asserting his rights." See Midgley, 142 F.3d at 179 (3d Cir.1998). The only argument Plaintiff advances is the fact that the 90-day period did not begin to run on March 3, 2011, because he received a second Right-to-Sue letter. As the Court has already rejected Plaintiff's position on that issue, the Court cannot find any circumstances that would justify equitable tolling. Further, permitting Plaintiff to circumvent statutory requirements by merely alleging that he had a telephone conversation with an unidentified EEOC employee would convert equitable tolling "from a remedy available only sparingly and in extraordinary situations into one that can be readily invoked by those who have missed carefully drawn deadlines." Robinson v. Dalton, 107 F.3d 1018, 1023 (3d Cir. 1997). [1]

**IV.  CONCLUSION**

For the reasons set forth above, the Court concludes that Defendant's Motion to Dismiss is GRANTED, and Plaintiff's claims are dismissed without prejudice.

Dated:  February 28, 2013  /s/ Freda L. Wolfson
　　　　　　　　　　　　　　　　　　　　　Freda L. Wolfson, U.S.D.J.

---

[1]  Defendant also argues that Plaintiff's Complaint should be dismissed because Plaintiff never filed a charge with the EEOC regarding termination of employment. Mot. to Dismiss at 3. However, because the Court has already determined that Plaintiff's Complaint should be dismissed on statute of limitations grounds, the Court need not address this issue.

6